***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Gillen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on plaintiff's tort claim was held before a deputy commissioner on August 31, 2007. *Page 2 
2. Plaintiff is an inmate in the North Carolina Department of Correction. On June 8, 2004 plaintiff was confined in a segregation cell at the Scotland Correctional Institution ("SCI").
3. Plaintiff filed a Tort Claim with the North Carolina Industrial Commission alleging that he suffered a seizure as a result of pepper spray being used on an inmate in an adjoining cell.
4. On June 8, 2004, plaintiff, while confined in the SCI, was housed in a cell adjoining that of another inmate, Reginald Gorham (hereinafter "Gorham.")
5. The walls of the cell in which plaintiff was confined were solid. The door into each cell was also solid except for a small trap door, which could be opened to permit a food tray to be passed to the occupant of the cell.
6. Between the cells of plaintiff and Gorham was a small utility room that permitted access to the plumbing in the cells. In this room were vents that opened into the adjoining cells.
7. Sometime on June 8, 2004 Gorham created a disturbance by kicking the door of his cell. When he refused to obey an order to stop, he was sprayed with one short burst of pepper spray through the trap door in his cell door. At that point Gorham complied. No further force was needed to subdue Gorham.
8. After Gorham became compliant, the exhaust fan in the cells were turned on.
9. Sometime after the incident, plaintiff was observed in his cell having what appeared to be a seizure. He was examined by a nurse at SCI and then transported to Scotland Community Hospital for examination where he remained a couple hours before being returned to SCI. The emergency room physician noted that plaintiff may have had a seizure, but plaintiff's medical records do not indicate the cause of the seizure. *Page 3 
10. Terry DeShazo, a registered nurse who works at Polk Correctional Institution, testified that, in over ten years as a prison nurse, he had never known of a seizure being caused by pepper spray.
11. Plaintiff did not present sufficient evidence to prove that he suffered a seizure. Assuming arguendo that he suffered a seizure, there was no competent evidence presented concerning the cause of plaintiff's seizure.
12. Plaintiff did not present sufficient evidence of negligence of any DOC employee.
13. It is not reasonably foreseeable that the use of one burst of pepper spray against an inmate in an enclosed cell would cause an inmate confined in another cell to suffer injury.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988)
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq. *Page 4 
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, Morrison's claim must be, and hereby is, DENIED.
2. No costs are taxed as Morrison was permitted to file this civil action in forma pauperis.
This the 16th day of April 2008.
S/______________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/______________________ DIANNE C. SELLERS COMMISSIONER
 S/______________________ DANNY L. MCDONALD COMMISSIONER *Page 1